Minute Order Form (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 01 CV 8945 | Date | April 11, 2003 |
| Case Title | George Garcia vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry]

Defendant City of Chicago's Motion Regarding Defense Counsel as Trial Witness (Dkt. No. 176 Paragraph II) is denied. All counsel are admonished to review and comply with the Code of Professional Conduct of this District particularly Local Rule 83.53.7 quoted on the back of this order.

(11) ☒ [For further detail see ☒ order on the reverse of ☐ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices |
| | No notices required. | U.S. DISTRICT COURT | | |
| ☒ | Notices mailed by judge's staff. | | APR 1 4 2003 | date docketed |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | JM | docketing dpty. initials |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate Judge. | | APR 1 1 2003 | date mailed notice |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials |

Document # 230

<u>01 CV 8945</u>

Code of Professional Conduct of the Northern District of Illinois states in pertinent part:

**LR83.53.7 Lawyer as Witness**

(a) A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify:

(1) if the testimony will relate to an uncontested matter;

(2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;

(3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or

(4) as to any other matter, if refusal to act as an advocate would work a substantial hardship on the client.

(b) If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.

(c) Except as prohibited by LR83.51.7 or LR83.51.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness, and nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation.