**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**GEORGE GARCIA,**                                    )
                                                      )
          Plaintiff,                                  )
                                                      )          **01 C 8945**
          v.                                          )
                                                      )          **JUDGE HOLDERMAN**
**CITY OF CHICAGO**                                   )
                                                      )
                                                      )
          Defendant.                                  )

**JURY INSTRUCTIONS**

FILED

MAY X 2 2003

JUDGE JAMES F. HOLDERMAN
UNITED STATES DISTRICT COURT

DOCKETED

MAY 0 5 2003

254

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are of course to be governed by the court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons or entities of equal standing in the community, and holding the same or similar stations in life. Each party is entitled to the same fair trial at your hands. The law respects all persons and entities equally, and all persons and entities stand equal before the law and are to be dealt with as equals in a court of justice.

2

Opening statements of counsel are for the purpose of acquainting you in advance with the facts counsel expect the evidence to show. Closing arguments of counsel are for the purpose of discussing the evidence.

Opening statements, closing arguments and other statements of counsel should be disregarded to the extent that they are not supported by the evidence.

During the course of trial it often becomes the duty of counsel to make objections and for me to rule on them in accordance with the law. The fact that counsel made objections should not influence you in any way. Nor should the nature or manner of my ruling on any objection influence you in any way. Whenever I have sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

3

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence- such as the testimony of an eyewitness. The other is the indirect or circumstantial evidence- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

4

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In considering the evidence in this case, you are not required to set aside your own observation and experience in the affairs of life, but you have a right to consider all the evidence in the light of your own observation and experience in the affairs of life.

5

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes sworn testimony of the witnesses, the exhibits admitted into evidence, stipulated facts, and any admissions. Any evidence to which I sustained an objection or that I ordered stricken must of course be disregarded.

The only issues to be determined by you are those which I will set out in detail later in these instructions.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their respective sides of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

In determining any fact in issue you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

**6**

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight then the recollection or impression of each juror about the testimony.

**7**

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You, as jurors, are the sole judges of the credibility or "believability" of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. The testimony of a single witness that produced in your minds a belief in the likelihood of its truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Similarly, the weight of the evidence is not necessarily determined by whether the evidence is in the form of a document or the oral testimony of a witness. It is for you to determine, based upon the circumstances surrounding each document and each piece of testimony, what weight to give to that evidence.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

8

When any witness is questioned about an earlier statement that he or she may have made, or earlier testimony that he or she may have given, such questioning is permitted in order to aid you in evaluating the truth or accuracy of his or her testimony at the trial. In addition, if that earlier statement was made under oath and is inconsistent with the witness' testimony at the trial, you may consider that earlier sworn statement as evidence of the truth or accuracy of such earlier statement.

Whether or not such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine.

Any earlier statement by a party to this action, whether sworn or unsworn, may be considered by you as evidence.

**9**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it remains your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

**10**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

11

You have heard testimony of expert witnesses. This testimony is admissible where the subject matter involved requires knowledge, special study, training, or skill not within ordinary experience, and the witness is qualified to give an expert opinion.

However, the fact that an expert has given an opinion does not mean that it is binding upon you or that you are obligated to accept the expert's opinion as to the facts. You should assess the weight to be given to the expert opinion in the light of all the evidence in this case.

12

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney and told him what he or she would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**14**

When I use the expression "proximate cause," I mean any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

15

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

For plaintiff George Garcia to prove his federal constitutional claim for excessive force against defendant City of Chicago, plaintiff Garcia must prove each of the following elements by a preponderance of the evidence:

First, that on February 2, 2001, plaintiff George Garcia was physically injured when off-duty Chicago police officer Zamir Oshana, acting with or through Sargon Hewiyou, used excessive force, as defined in these instructions, against plaintiff George Garcia;

Second, that on February 2, 2001, defendant City of Chicago had a custom and practice, as defined in these instructions, of not adequately investigating, disciplining, or prosecuting off-duty Chicago police officers who use excessive force against individuals; and

Third, that plaintiff George Garcia's injuries on February 2, 2001 from off-duty Chicago police officer Zamir Oshana, acting with or through Sargon Hewiyou, were directly caused by defendant City of Chicago's custom and practice of not adequately investigating, disciplining, or prosecuting off-duty Chicago police officers when they use excessive force against individuals.

If you find that each of these elements has been proven by a preponderance of the evidence, then you should find in favor of plaintiff Garcia and against defendant City of Chicago on this claim and consider the issue of damages, if any, as stated in these instructions.

If you find that any of these elements has not been proven by a preponderance of the evidence, then you should find in favor of defendant City of Chicago and against plaintiff Garcia on this claim, and you will have no occasion to consider the issue of damages.

**17**

I will now define for you certain terms used in these instructions.

The term "excessive force" as used in these instructions means the use of physical force or show of authority which is objectively unreasonable in light of the facts and circumstances confronting the person using the force.

The term "custom and practice" as used in these instructions means a widespread practice that, although not authorized by defendant City of Chicago through written law or express municipal policy, is so permanent and well-settled that it constitutes a custom or usage with the force of law.

The phrase "so permanent and well-settled that it constitutes a custom or usage with the force of law" as used above means that the need for adequate investigation, discipline, or prosecution of off-duty Chicago police officers was so obvious, and the inadequacy so likely to result in off-duty Chicago police officers using excessive force against individuals, that the policymakers of the City of Chicago can reasonably be said to have been deliberately indifferent to the need.

The term "policymakers of the City of Chicago" as used above includes the Chicago City Council and the Chicago Police Board.

The term "deliberately indifferent" as used in the definition of custom and practice means that: (1) it was a plainly obvious consequence that not adequately investigating, disciplining, or prosecuting off-duty Chicago police officers who use excessive force against individuals would result in Chicago police officers using excessive force against individuals; and (2) the defendant City of Chicago knew or should have known of this, but consciously disregarded it. In determining deliberate indifference, you are permitted to, but not required to, draw reasonable inferences about the Chicago City Council's or the Chicago Police Board's knowledge and conscious disregard, or the absence thereof, based on all the evidence you have heard at this trial.

**18**

The term "direct cause" as used in these instructions means that the custom and practice is closely related to the ultimate injury such that the custom and practice is the moving force behind the injury.

In determining whether "direct cause" exists, you must ask first whether off-duty Chicago police officer Zamir Oshana knew of defendant City of Chicago's custom and practice of not adequately investigating, disciplining, or prosecuting off-duty Chicago police officers who use excessive force against individuals, and whether Zamir Oshana believed that he would not be subject to proper investigation, discipline, or prosecution for using excessive force against plaintiff Garcia.

Defendant City of Chicago's custom and practice is the "moving force" behind plaintiff Garcia's injury if, without defendant City of Chicago's custom and practice of not adequately investigating, disciplining, or prosecuting off-duty Chicago police officers who use excessive force against individuals, plaintiff Garcia's injuries would have been avoided.

**19**

Defendant City of Chicago cannot be held liable simply because it employed Zamir Oshana as a police officer.

Additionally, a single incident of not adequately investigating, disciplining, prosecuting off-duty Chicago police officers who use excessive force against individuals is not sufficient to prove plaintiff Garcia's claim against defendant City of Chicago. For plaintiff George Garcia to prove his federal constitutional claim for excessive force against defendant City of Chicago, he must prove each of the elements of that claim as stated in these instructions.

A violation of a City of Chicago procedure or regulation is not a violation of a federal constitutional right. However, you may consider the evidence relating to statutes, rules and regulations in determining the facts and circumstances of plaintiff's claim.

**20**

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole - that is, to compensate the plaintiff for the damages that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.

You may award compensatory damages only for injuries that a plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which a plaintiff has actually suffered or that a plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that a plaintiff prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1. the disability and disfigurement resulting from the injuries;

2. the pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries;

3. the aggravation of any pre-existing ailment or condition; and

4. the mental pain, anguish and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

No evidence of the dollar value of physical or emotional pain and suffering or disability has been or needs to be introduced. There is no exact standard for fixing the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has suffered.

Any money awarded to the plaintiff as compensatory damages for physical injury will not be subject to income tax.

**21**

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the court security officer that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to the court--how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of
the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.