Minute Order Form (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 01 CV 8945 | Date | September 19, 2003 |
| Case Title | George Garcia vs. City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ ☐ Ruling / Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
    ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry]

Plaintiff's Renewed Motion for Sanctions (Dkt. No. 155) and Post-Trial Supplement to His Previously-Filed Renewed Motion for Sanctions (Dkt. No. 263) are granted against the City and are denied as to defendant Fivelson. The court finds the City, through its attorneys, engaged in multiple acts of sanctionable conduct. Plaintiff's requested sanction of default judgment is denied as too severe. Plaintiff's reasonable attorneys' fees and costs which resulted from the City's sanctionable conduct have been included in the fees and costs ordered to be paid by the City under 42 U.S.C. § 1988 in a separate order. No double recovery is allowed.

(11) ☒ [For further detail see ☒ order on the reverse of ☐ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | number of notices | |
| ☐ | No notices required. | | | |
| ☒ | Notices mailed by judge's staff. | U.S. DISTRICT COURT CLERK | date docketed 9/19/03 | Document # |
| ☐ | Notified counsel by telephone. | | | |
| ☐ | Docketing to mail notices. | 03 SEP 19 PM 3:40 | docketing dpty. initials | 313 |
| ☐ | Mail AO 450 form. | | | |
| ☐ | Copy to judge/magistrate Judge. | FILED FOR DOCKETING 9-19-03 | date mailed notice 9-19-03 | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials | |

<u>01 CV 8945</u>

The facts, inferences, and arguments set forth in plaintiff's renewed motion, supplementary materials, and reply are fully supported by the record in this case. The City, through its counsel, engaged in multiple acts of sanctionable conduct as described and documented in the plaintiff's submissions. Although the court will not detail all of the improprieties in which the City engaged, among the sanctionable violations of the Federal Rules of Civil Procedure and judicial orders entered in this case were the following:

1. The City failed to produce Alderman William Beavers' January 12, 2000 City Council Resolution and related documents (Pl.'s City Council Exs. 1, 2, and 3) in response to Request No. 1 of Plaintiff's First Set of Requests for Production to Defendant City of Chicago (Dkt. No. 199, Ex. 0, p. 2) in violation of Rule 34. The documents should have been provided to the plaintiff no later than March 15, 2002. They were not.

2. The City failed to produce relevant documents in violation of Judge Denlow's July 16, 2002 Order (Dkt. No. 45) and Rule 34. These documents should have been provided to the plaintiff on or before August 1, 2002 as ordered. (Agreed Stipulation No. 1). They were not.

3. The City's counsel caused City personnel to swear to false interrogatory answers in violation of Rule 33, (Pl.'s Ex. 4-A), (Tr. 1000-1006); (Pl.'s Ex. 6-A), (Tr. 1108-1123), and to provide false answers to requests of admissions in violation of Rule 36. (Pl.'s Exs. 5-A and 5-B), (Tr. 1131-1141). No appropriate "seasonable" correction was made as required by Rule 26(e).

4. The City withheld the identity of Sargon Hewiyou until late January 2003 in violation of Rule 26(e), and withheld relevant notes by Sgt. Fivelson, a City employee, of his December 11, 2002 meeting with Hewiyou (Pl.'s Ex. 28 unredacted) until after the trial started when this court ordered the disclosure following an <u>in camera</u> review. (Tr. 484-486, 521-536, 539-550, 554, 676-702). This withholding of these documents was in violation of Judge Denlow's January 29, 2003 order (Dkt. No. 114) as further explained on April 3, 2003 (April 3, 2003, Tr. 48-49) and Rule 26(e). Fivelson's counsel, who was paid by the City, was acting for the City in redacting the City's documents and in improperly withholding highly relevant City information from plaintiff. These were not Fivelson's personal documents. These documents belonged to the City and should not have been withheld.

The improprieties in which the City engaged were not isolated incidents of neglect. On multiple occasions, the City provided false and misleading discovery responses to plaintiff because the City's counsel engaged in a pattern of intentionally failing to obtain information and documents from the sources within the City, such as the City Council and Fivelson, who possessed the responsive documents and information, and intentionally failing to provide discovery material to plaintiff in a timely manner once the City's counsel had obtained it. The City's misrepresentations and improper withholding of information, which were "troublesome" to Magistrate Judge Denlow throughout the discovery phase of this case (November 13, 2002, Tr. 3; April 3, 2003, Tr. 62-65), continued into the trial before this court. (Tr. 88-95; 342-346).

Although sanctions are appropriate for the conduct in which the City engaged, the sanction of default judgment against the City is too severe under Rule 37 because plaintiff's counsel was able, through diligence and the expenditure of extra time and effort, to overcome the improprieties and prevail against the City on plaintiff's claim at the trial. The fees for this extra attorney time have been ordered to be reimbursed to plaintiff under 42 U.S.C. § 1988. No additional recovery will be allowed. See <u>Smith v. Maywood</u>, 17 F.3d 219, 221 (7th Cir. 1994). A sanction against defendant Fivelson is not appropriate because his acts of withholding discovery materials from plaintiff were the product of improper conduct by legal counsel and the proven widespread City practice of inadequately investigating, disciplining, or prosecuting off-duty Chicago police officers who engaged in misconduct.